United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO SANCHEZ DE TAGLE,<br>Plaintiff,<br>v.<br>JENNIFER HALL, et al.,<br>Defendants. | Case No. 26-cv-06820-SVK<br><br>**ORDER RE PLAINTIFF'S FAILURE TO FILE AMENDED APPLICATION TO PROCEED IN FORMA PAUPERIS** |

Self-represented Plaintiff Orlando Sanchez de Tagle recently filed four cases that have been assigned to the undersigned, and Plaintiff originally filed applications to proceed *in forma pauperis* ("IFP") in each case: *de Tagle v. Harvey,* 26-cv-04384-SVK; *de Tagle v. Ferguson,* 26-cv-03835-SVK; *de Tagle v. Hall*, 26-cv-06820-SVK; and *de Tagle v. Mendoza*, 26-cv-6825-SVK. This Order will refer to each case by its last four digits (*e.g.,* "the -4384 case").

In orders in each case dated July 21, 2026, the Court denied without prejudice the original IFP applications in each case because they contained discrepancies regarding Plaintiff's income and expenses that prevented the Court from determining whether he is financially qualified for IFP status. Dkt. 6 in -4384 case; Dkt. 7 in -3835 case; Dkt. 5 in -6820 case; Dkt. 5 in -6825 case. For example, the original IFP applications filed in the -3835 and -4384 cases referred to a "Military compensation claim $17,451.06" and an annuity, whereas the IFP applications filed in the -6820 and -6825 cases omitted information about money Plaintiff has received from these sources. There were also inconsistencies in the information about expenses provided in each IFP application. For example, the IFP application in the -3835 case stated that Plaintiff pays $800 for food each month and has monthly expenses of "$0" for rent, utilities, or clothing, whereas the IFP application in the -6820 case stated that Plaintiff pays $500 for food each month and has other expenses for rent and utilities.

The Court's July 21, 2026 orders denied Plaintiff's original IFP applications in each case without prejudice and set a deadline of August 20, 2026 for Plaintiff to either pay the filing fee in each case or file an amended IFP application in each case. The Court's order specified that any amended IFP application must contain the following information:

(a) Complete answers to all questions on the District's IFP form.

(b) In response to Question 2, a complete identification of the source and amount of all money received by Plaintiff within the past 12 months from any of the sources listed in this question. Plaintiff's response must identify whether amounts received are a one-time payment or are received annually, monthly or on some other schedule.

(c) In an **attachment** to the IFP application form, an explanation of the nature of the "Military Compensation Claim" of $17,451.06 listed in some of the IFP applications, including whether and how often (one time, monthly, yearly, etc.) Plaintiff has received money based on that claim and whether it differs from the monthly military payment and annuity also listed in some of the IFP applications.

(d) In response to Question 8, complete information about Plaintiff's monthly expenses, broken down into the categories listed in the IFP application form.

The Court's July 21, 2026 orders explain that "Plaintiff must pay the filing fee or submit an amended IFP application in **each case** if he intends to pursue that case." The July 21 orders further provided that "[i]f Plaintiff fails to pay the filing fee or submit an amended IFP application by the deadline, the Court will order the case to be reassigned to a District Judge with a recommendation that the case be dismissed."

Plaintiff timely filed amended IFP applications in the -4384 case (Dkt. 8) and the -3835 case (Dkt. 9). Having reviewed those amended IFP applications, the Court **DENIES** Plaintiff's amended applications for IFP status for failure to comply with the Court's July 21, 2026 order in the following respects:

1. In response to Question 2, Plaintiff has not provided "a complete identification of the source and amount of all money received by Plaintiff within the past 12 months from any of the sources listed in this question." In particular, the amended IFP applications in the -4384 and -3835 cases are deficient because they: (1) do not identify whether the EBT payments of $35 are received monthly or yearly; and (2) do not identify the amount or frequency of the Medi-cal payments.

2. Plaintiff's responses to Question 2 in the amended IFP applications in the -4384 and -3835

United States District Court
Northern District of California

cases are also deficient and inconsistent with other information in the case file because they omit any information about the annuity check in the amount of "before tax $26,078.68 and after tax $20,861.34" that was included in Plaintiff's original IFP applications in those cases. *See* Dkt. 3 in -4384 case and Dkt. 2 in -3835 case.

3. Plaintiff failed to include an attachment to his amended IFP applications in the -4384 and -3835 cases explaining "the nature of the "Military Compensation Claim" of $17,451.06 listed in some of the IFP applications, including whether and how often (one time, monthly, yearly, etc.) Plaintiff has received money based on that claim and whether it differs from the monthly military payment and annuity also listed in some of the IFP applications," as required under the July 21, 2026 orders.

By **November 2, 2026**, Plaintiff must **either** (1) pay the filing fees in the -4384 and -3835 cases; **or** (2) file further amended IFP applications in the -4384 and -3835 cases on the District's IFP application form that contains the missing information identified above.

In the -6820 and -6825 cases, Plaintiff did not file amended IFP applications or pay the filing fees by the August 20, 2025 deadline. By **November 2, 2026**, Plaintiff must **either** (1) pay the filing fees in the -6820 and -6825 cases; **or** (2) file amended IFP applications in the -6820 and -6825 cases on the District's IFP application form that contains the missing information identified in this order and in the July 21, 2026 orders in those cases. The Court will enter this Order in each of the four cases identified above. Plaintiff must pay the filing fee or submit an amended IFP application in **each case** if he intends to pursue that case.

**If in any of these cases Plaintiff fails to pay the filing fee or submit an amended IFP application by the November 2, 2026 deadline, the Court will order the case to be reassigned to a District Judge with a recommendation that the case be dismissed.**

**SO ORDERED.**

Dated: September 30, 2026

Susan van Keulen

SUSAN VAN KEULEN
United States Magistrate Judge